IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Donna Anderson, | ) | C/A No.: 4:09-3039-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Federal Express Corporation, | ) | |
| Defendant. | ) | |

This matter came before the court on the Motion (Entry #6) of Defendant Federal Express Corporation ("Federal Express") to dismiss Plaintiff's claim for intentional infliction of emotional distress/outrage as well as any class action allegations Plaintiff may be asserting.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge. For the reasons that follow, the undersigned recommends the motion be deemed moot as to the class action claims and be denied as to the intentional infliction of emotional distress claim.

I. **Relevant Factual Allegations**

In this employment discrimination action, Plaintiff asserts causes of action for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and sexual harassment, gender discrimination, and retaliation in

violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq*. Plaintiff also asserts state law causes of action for defamation and intentional infliction of emotional distress/outrage. In her Complaint, Plaintiff asserts that she is bringing this action "to help correct the pattern and practice of the Defendant of discriminating against its couriers who are over the age of forty." Compl. ¶ 1. Plaintiff further alleges that "Defendant's discriminatory practices have harmed the Plaintiff and other similar [sic] situated employees over the age of forty," *(id.* at ¶ 41), and "[u]nless restrained by order of this Court, Defendant will continue to pursue policies and practices that cause Plaintiff and other similarly situated older, more experienced couriers to suffer irreparable harm." (*Id.* at ¶ 42.) Plaintiff also alleges that she, "as well as other older more experienced workers" were required to work harder and take on more stops than younger, less experienced workers. (*Id.* at ¶¶ 46-49.) Under her seventh cause of action for intentional infliction of emotional distress/outrage, she alleges that Defendant's actions "exceed all bounds of decency" and "were certain or substantially certain to cause severe distress to the Plaintiff."(*Id.* at ¶¶ 94, 96.)

**II.     Standard of Review**

Defendant seeks dismissal of any class action claims asserted by Plaintiff as well as her claim for intentional infliction of emotional distress pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(c). The standard of review for a 12(b)(6) and 12(c) motions are the same. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). A motion to dismiss under Rule 12 tests the sufficiency of the complaint. *Schatz v.*

*Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991). It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. *Edwards,* 178 F.3d at 243. A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted).

## III. Discussion

Although Plaintiff does not explicitly seek to maintain this action as a class action, Defendant argues that some of Plaintiff's allegations, particularly Plaintiff's claim of age discrimination under the ADEA, appear to assert claims on behalf of a class. Defendant seeks to dismiss any class action claims asserted by Plaintiff. In her Response, Plaintiff asserts that "Defendant incorrectly denominates this [age discrimination claim] as suggestive of class action, which it is not." Response p. 7. Thus, because Plaintiff concedes that she has not asserted her claims on behalf of any class, Defendant's motion to dismiss any class action claim is deemed moot. Plaintiff's allegations remain to the extent they assert an individual cause of action.

Plaintiff's seventh cause of action is for intentional infliction of emotional distress/outrage. Defendant argues the court should dismiss this claim as preempted by the exclusive remedy found within the South Carolina Workers Compensation Act ("the Act"), S.C. Code Ann. § 42-1-540, *et seq.*[1] Claims of intentional infliction of emotional distress, when committed by another employee, typically fall within the exclusivity provisions of the South Carolina Workers' Compensation Act. *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993); *Bryant v. INA Bearing Co., Inc.*, 14 F.3d 593 (4th Cir. 1993) (unpublished).

However, Plaintiff's allegations with regard to this claim extend to the Defendant corporation, rather than the station supervisor specifically identified in numerous paragraphs within the complaint. Plaintiff asserts that the company's failure to reinstate or investigate her claims of "harassment, age discrimination, sex discrimination, favoritism, preferential treatment and hostile work environment" caused Plaintiff severe emotional distress. (Compl, ¶ 96). Further factual development is necessary to allow the Court to determine the following: (i) which members of the Defendant corporation, if any, allegedly failed to investigate or reinstate Plaintiff, or (ii) if the alleged facts can support a claim for

---

[1] The Act provides in relevant part:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted provision of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee…as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540.

intentional infliction of emotional distress/outrage. *See Palmer v. House of Blues Myrtle Beach Rest. Corp.*, No. 4:05-3301-RBH, 2006 WL 2708278 (D.S.C. Sept. 30, 2006); *Todd v. Federal Express Corporation*, No. 4:09-1501-TLW, 2010 WL 1294070, *2 (D.S.C. Feb. 2, 2010). At this stage in the litigation, the Court concludes that Plaintiff has sufficiently stated factual allegations to survive a Rule 12(b)(6) motion as to this claim.

## IV. Conclusion

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss (Entry #6) be deemed moot as to any alleged claims asserting a class action and denied as to Plaintiff's claim for intentional infliction of emotional distress.

IT IS SO ORDERED.

May 12, 2010　　　　　　　　　　　　　　　　Shiva V. Hodges
Florence, South Carolina　　　　　　　　　　United States Magistrate Judge